21 F.3d 1111
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard BRIZENDINE, Keenan Brizendine, a Minor by His
Guardian ad Litem, Richard Brizendine, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 92-56008.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 3, 1994.
Decided April 14, 1994.
 
 Before: BROWNING, FERGUSON AND KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 We affirm.
 
 
 3
 We review the grant of summary judgment to the government de novo, drawing those inferences from the evidence most favorable to the Brizendines to determine whether there exist genuine issues of material fact regarding their claims. Jones v. Union Pac. R.R. Co., 968 F.2d 937, 940 (9th Cir.1992).
 
 
 4
 A. Agent or Independent Contractor.
 
 
 5
 We do not consider plaintiffs' argument that Shubin was an "agent" of the government and not an independent contractor. This was not among the three theories of liability upon which plaintiffs' opposition to summary judgment stated that they were proceeding. Because plaintiffs did not present this theory to the district court, the district court cannot be held to have erred for not ruling in their favor based upon this theory. Whittaker Corp v. Execuair Corp., 953 F.2d 510, 515 (9th Cir.1992).
 
 
 6
 B. Peculiar Risk.
 
 
 7
 Plaintiffs argue that the government had a nondelegable duty to inspect the contractor's trucks because they are inherently dangerous. But the cases dealing with "peculiar risk" and "abnormally dangerous activity" do not embrace operation of a truck. Cf. Restatement (Second) of Torts Secs. 416; 427A (1965); Rooney v. United States, 634 F.2d 1238, 1243-44 (9th Cir.1980). Normally, there is nothing unusually hazardous about operation of a truck. Nor is brake failure a danger which one who employs a truck driver must necessarily contemplate. Restatement (Second) of Torts Sec. 416 cmt. a; McDonald v. City of Oakland, 255 Cal.App.2d 816, 823, 63 Cal.Rptr. 593, 598-99 (1976) (peculiar risk must be one contemplated at the beginning of the contract).
 
 C. Landowner Liability
 
 8
 Plaintiffs argue that the government had a nondelegable duty to them because the government engaged Shubin in its capacity as a landowner. The landowners' liability argument is not relevant, because the accident did not occur on government land and was not caused by a condition of the land. Cf. Golden v. Conway, 55 Cal.App.3d 948, 958-59, 128 Cal.Rptr. 69, 75-76 (1976) (landowner liability extends to unsafe conditions on the land ).
 
 D. Negligent Enforcement of the Contracts
 
 9
 Plaintiffs argue that the government was negligent in failing to enforce the numerous safety and inspection provisions found in the garbage hauling contracts between Shubin and the government. It is true that the contracts gave the government the right to inspect Shubin's trucks and to demand that certain safety standards be met. But the government's contractual rights as against Shubin do not give rise to tort duties as to the Brizendines. Jeffries v. United States, 477 F.2d 52, 56 (9th Cir.1973) ("the Government's reservation of a right of inspection does not, without more, impose upon it a legal duty such as to render it liable for injuries suffered by employees of its independent contractors"). Plaintiffs did not demonstrate the existence of a tort duty running to third parties based on Shubin's contractual duty to the government. Plaintiffs' citations are to cases dealing with discretionary functions, a different issue. Plaintiffs' argument about negligence per se for violation of a statute establishes Shubin's negligence, not the government's.
 
 E. Negligent Hiring and Supervision
 
 10
 Plaintiffs correctly point out that even though an employer of an independent contractor is not liable for the independent contractor's negligence, the employer may be liable for its own negligence in selection of the independent contractor. Golden v. Conway, 55 Cal.App.3d 948, 958, 128 Cal.Rptr. 69, 74-75 (1976). But the government correctly points out that negligent selection was not preserved as an independent ground for liability in the pretrial order. ACORN v. City of Phoenix, 798 F.2d 1260, 1272 (9th Cir.1986). We have carefully examined the December 2, 1991 pretrial order and the plaintiffs' other submissions below, and have carefully reviewed the briefs and considered the oral argument, regarding this issue. Negligent selection was not mentioned at all in the pretrial order, and appears to have been discussed only in connection with the claim of negligent supervision of contract performance. Plaintiffs focus upon whether the government should have exercised its power under the contract to force Shubin into compliance with the contract terms, not upon whether the government should have rejected Shubin's bid at the time it hired him.
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3. The parties are familiar with the facts and we will not restate them here